IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
APPATEK INDUSTRIES, INC.,       )
                                )
            Plaintiff,          )
                                )
       v.                       )     No. 1:09CV00645
                                )
BIOLAB, INC.,                   )
                                )
            Defendant.          )
```

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Appatek Industries, Inc. asks this Court to remand this action to state court. For the reasons set forth below, it is recommended that Plaintiff's Motion for Remand (Docket Entry 12) be denied.

**I. FACTS**

Plaintiff is a North Carolina corporation and Defendant BioLab, Inc. ("BioLab") is a Delaware corporation. (Docket Entry 3 at 1; Docket Entry 5 at 1.) BioLab manufactures and sells recreational and industrial water treatment products. (Docket Entry 3 at 1; Docket Entry 5 at 6.) Plaintiff distributed BioLab's products to dealers. (Id.)

In 2008, BioLab altered some of its business practices. (Docket Entry 3 at 2; Docket Entry 5 at 23.) In light of these changes, Plaintiff allegedly sought to return approximately $65,798 in products Plaintiff had purchased from BioLab, but BioLab would not agree to same. (Docket Entry 3 at 2.) BioLab alleges that, around this same time, Plaintiff "began to disregard invoices for

approximately $503,678.68 in pool and spa chemicals that BioLab had sold to Plaintiff, and Plaintiff refused to pay the outstanding balance owed to BioLab for such products." (Docket Entry 5 at 8.)

On January 27, 2009, Plaintiff filed a complaint in the General Court of Justice, Superior Court Division, for Cabarrus County, North Carolina. (Docket Entry 3.) Plaintiff asserted claims for (i) Breach of Contract, (ii) Recision of Contract, and (iii) Unfair and Deceptive Trade Practices. (Id. at 1-3.) It sought damages in excess of $10,000.00, equitable recision of its contractual duties, and (as to its third claim) the trebling of damages. (Id. at 2-3.)

On March 16, 2009, BioLab filed an answer and counterclaim in state court asserting claims for (i) Breach of Contract, and (ii) Unjust Enrichment. (Docket Entry 5 at 8-10.) It sought damages "in the amount of $503,678.68, plus interest." (Id. at 9.)

On March 18, 2009, BioLab's parent company, Chemtura Corp., filed a voluntary petition for relief, including as to BioLab, under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. (Docket Entry 1, Ex. C.) On June 16, 2009, the bankruptcy court entered an order that granted the debtors an extension of time to file notices of removal of civil actions pursuant to 28 U.S.C. §§ 157 and 1334. (See Docket Entry 1, Ex. E (In re Chemtura Corp., No. 09-11233 (Bankr. S.D.N.Y. Jun. 16, 2009)). The bankruptcy court permitted the debtors to file notices of removal "until the earlier of (a) the date an order is entered confirming a Chapter 11

plan in each Debtor's chapter 11 case, or (b) 60 days after the appointment of a chapter 7 trustee." Id. at 2.

On August 21, 2009, BioLab filed its notice of removal. (Docket Entry 1.)  BioLab sought removal, pursuant to 28 U.S.C. §§ 1334 and 1452, because the state case was related to the Chapter 11 case. (Id. at 3.)  According to BioLab, at the time it filed its notice of removal, the bankruptcy court had neither entered a confirmation order, nor appointed a Chapter 7 trustee. (Docket Entry 13 at 4.)  In its initial removal, BioLab also asserted that removal was appropriate because this Court possessed diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Docket Entry 1 at 3.) On September 21, 2009, Plaintiff filed its motion to remand the case back to state court. (Docket Entry 12.)  In response, BioLab abandoned its reliance on diversity jurisdiction as a basis for removal and defended removal only based on the subsequently filed bankruptcy action. (Docket Entry 13 at 4-6.)[1]

**II.  DISCUSSION**

Initially, this memorandum opinion and recommendation addresses whether this Court possesses original jurisdiction over this case and whether BioLab had a basis to remove it to this Court.  Neither party disputes that this Court has jurisdiction over this matter and that a ground for removal exists.  This Court

---

[1] BioLab apparently recognized that it could not rely on diversity jurisdiction, because the time for removing the action on that basis had expired. See Griggs v. Feins, No. 2:09-CV-56-F, 2010 U.S. Dist. LEXIS 9067, at *6 (E.D.N.C. Feb. 3, 2010) (unpublished) (holding that defendant's notice of removal based on diversity jurisdiction was untimely when filed more than 30 days after defendant was first served with summons and complaint).

-3-

proceeds to address Plaintiff's request for equitable remand or permissive abstention. The relevant factors do not call for equitable remand and permissive abstention in this case.

A. Removal Jurisdiction

If a district court has jurisdiction over a cause of action pursuant to 28 U.S.C. § 1334, then a party may remove such case to the district court in the district where the action is pending. 28 U.S.C. § 1452(a). District courts possess "original but not exclusive jurisdiction of all civil proceedings arising under title 11[, the chapter of the Bankruptcy Code providing for reorganization], or arising in or <u>related to cases under title 11</u>." 28 U.S.C. § 1334(b) (emphasis added). Plaintiff does not contest that this case is "related to" the bankruptcy proceeding cited by BioLab as its basis for removal. (<u>See</u> Docket Entry 10 at 6.)

BioLab properly removed this case to this Court within the time period established in the bankruptcy court's order setting the deadlines to remove cases to the district courts. Plaintiff did not challenge the validity of the bankruptcy court's order, or argue that BioLab failed to file within the deadlines established pursuant to that order. (<u>See</u> Docket Entry 13.)[2] Accordingly, for the reasons set forth above, this Court possessed jurisdiction under 28 U.S.C. § 1334(b), and BioLab properly removed this case to this Court pursuant to 28 U.S.C. § 1452(a).

---

[2] Plaintiff admits that the bankruptcy court's order applies "to assertions of federal jurisdiction" pursuant to 28 U.S.C. § 1452. (Docket Entry 10 at 6.)

-4-

B. Equitable Remand and Permissive Abstention

Despite BioLab's procedurally proper removal of this case to this Court, Plaintiff argues that this Court should remand this case to state court for equitable reasons pursuant to 28 U.S.C. § 1452(b), or permissively abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(1). (Docket Entry 10 at 6-9.)[3] This Court, per Judge Frank W. Bullock, Jr., previously identified the factors a court should consider when determining whether to grant equitable remand or permissive abstention. Blanton v. IMN Financial, 260 B.R. 257, 265 & n.5 (M.D.N.C. 2001). These factors include:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any

---

[3] Plaintiff does not assert that mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) applies. (Docket Entry 10 at 7.) Mandatory abstention affects state cases "related to" a Chapter 11 case which could not otherwise have been commenced in a federal court without jurisdiction under section 1334. 28 U.S.C. § 1334(c)(2). Where that provision applies, a district court shall abstain from hearing a state case if the action is commenced and can be timely adjudicated in an appropriate state forum. Id. Although BioLab did not timely seek removal based on this Court's diversity jurisdiction, the plain language of the rule established by 28 U.S.C. § 1334(c)(2) provides that, "if a party could have commenced that action in federal court on some basis other than bankruptcy statutes, the mandatory abstention statute does not apply." Blanton v. IMN Financial, 260 B.R. 257, 264 (M.D.N.C. 2001) (emphasis added). Because BioLab could have removed this action based on this Court's diversity jurisdiction, mandatory abstention does not come into play. See id. at 265.

-5-

>     expertise of the court where the action
>     originated; and (12) the existence of a right
>     to a jury trial.

Id. (citations omitted). Plaintiff bears the burden of persuasion on the issue of equitable remand or permissive abstention. Sowell v. U.S. Bank Trust Nat'l Assoc., 317 B.R. 319, 322 (E.D.N.C. 2004). For the reasons that follow, Plaintiff has failed to demonstrate that the Blanton factors warrant permissive abstention or equitable remand.

Plaintiff provides no argument as to factors one, nine, ten, eleven or twelve. As to factor two, although the claims at issue arise under state law (see Docket Entries 3 & 5), they all directly affect BioLab (the debtor), not other non-debtor defendants. Cf. Haga v. Moskowitz, No. 1:05CV00033, 2005 U.S. Dist. LEXIS 6896, at *3-4 (W.D. Va. Apr. 22, 2005) (unpublished) (remanding where several factors supported permissive abstention, including fact that debtor-defendant was only one of several defendants in medical malpractice case). Thus, factor two does not weigh in Plaintiff's favor.

Regarding factor three, Plaintiff argues that efficiency interests warrant continuing the case in state court, because the case "has been in state court for almost nine months." (Docket Entry 10 at 8.) Plaintiff asserts that, in state court, the parties could easily complete discovery and proceed with scheduling the case for trial in a short period of time. (Id. at 8-9.) This factor fails to favor Plaintiff, because it has not shown that the state court case progressed beyond the filing of BioLab's Answer

-6-

Case 1:09-cv-00645-JAB-LPA   Document 16   Filed 02/25/10   Page 6 of 12

and Counterclaim.  See Mey v. Herbalife Int'l, Inc., No. Civ.A. 5:03-CV-118, 2003 WL 23571253, at *2 (N.D.W. Va. Nov. 19, 2003) (unpublished) ("[D]enying plaintiff's motion to remand will not impose uneconomical use of judicial resources, as this case is still in an early stage of litigation.").

Plaintiff argues factor four supports its position, because: "The outcome of this relatively minor claim (minor, that is, to Biolab) will have no substantial effect on the bankruptcy estate or the ability of the debtor to emerge from Chapter 11." (Docket Entry 10 at 9.)  As set out above, BioLab seeks to recover $503,678.68 in damages, and Plaintiff pursues remedies that would relieve it of contractual obligations to BioLab (presumably of that same magnitude), as well as treble damages of an unspecified amount in excess of $10,000.00.  The disposition of this case may well have an important effect on the bankruptcy estate, because a damages award or equitable remedy of the sort contemplated by the parties will directly alter the estate's assets by hundreds of thousands of dollars.  See Wolfe v. Greentree Mortgage, No. 3:09-CV-74, 2010 U.S. Dist. LEXIS 6005, at *10 (N.D.W. Va. Jan. 26, 2010) (unpublished) ("Where the proceedings will affect the amount or existence of creditors' dividends, abstention is inappropriate." (internal quotation marks omitted); In re Wrenn Assoc., Inc., No. 04-11408-JMD, 04-1114-JMD, 04-1115-JMD, 2004 WL 1746117, at *1, 7 (Bankr. D.N.H. July 26, 2004) (unpublished) (ruling that suits for $227,827.00 and $29,726.04 "will affect the administration of the Debtor's estate because it will impact the accounts receivable owed

to the Debtor, . . . the claims . . . against the estate and ultimately the distribution of assets to all creditors of the bankruptcy estate"). As a result, factor four does not support Plaintiff's position.[4]

Next, as to factor five, Plaintiff asserts that the state court action has but a remote relationship to the bankruptcy case. (Docket Entry 10 at 9.) The continuum of cases subject to removal under 28 U.S.C. §§ 1334(b) and 1452(a) is wide and encompasses even cases as to which the bankruptcy debtor is not a party. See Bergstrom v. Dalkon Shield Claimants (In re A. H. Robins Co.), 86 F.3d 364, 372 (4th Cir. 1996). In this case, the bankruptcy debtor stands as the sole defendant and counter-claimant in an action involving competing claims concerning relatively substantial sums of money which, if awarded (or declared non-payable), would impact directly on the bankruptcy debtor's estate. Accordingly, "there is a strong link between this litigation and the [defendant-debtor's] bankruptcy case because of the effect that this case will have on the [defendant-debtor's] bankruptcy estate." Mey, 2003 WL 23571253, at *2. See also In re Wrenn, 2004 WL 1746117, at *8 ("The factor of relatedness or remoteness to the Debtor's main bankruptcy case weighs heavily against remand in this case . . . [because the removed suits] necessarily will involve determinations

---

[4] Plaintiff correctly notes that BioLab's parent company operates on a large scale; however, Plaintiff has failed to show that the gap between the assets and liabilities of said company (as opposed to the size of those two categories standing alone) is so large that the addition or subtraction of more than a half of a million dollars from either side of BioLab's balance sheet would have no impact on payments to creditors.

-8-

of the amount that the Debtor owes [to others and] the amount that [others] ow[e] to the Debtor. . . . These determinations are intimately related to the Debtor's bankruptcy . . . ."). Therefore, factor five counsels against equitable remand or permissive abstention.

Plaintiff contends factor six weighs in its favor, because North Carolina state courts "are particularly well suited" to handle the Unfair and Deceptive Trade Practices Act claim. (Docket Entry 10 at 8.) The federal courts regularly hear such matters. See, e.g., Freeman v. Duke Power, 114 Fed. Appx. 526, 535 (4th Cir. 2004)(affirming district court's dismissal of plaintiff's unfair and deceptive trade practices claim under North Carolina law); Hancock v. Renshaw, 421 B.R. 738, 743-45 (M.D.N.C. 2009)(remanding North Carolina Unfair and Deceptive Trade Practices Act claim to bankruptcy court for further consideration); Laws v. Priority Trustee Servs. of N.C., L.L.C., 610 F. Supp. 2d 528, 532 (W.D.N.C. 2009) (dismissing plaintiff's claims, including under North Carolina's Unfair and Deceptive Trade Practices Act); Sowell, 317 B.R. at 320, 322 (denying plaintiff's motion to remand to state court case involving claims as to North Carolina usury law, the Unfair and Deceptive Trade Practice Act and breach of contract).[5] Furthermore, the Supreme Court of North Carolina has stated that the disposition of an Unfair and Deceptive Trade Practices Act

---

[5] In fact, an electronic database search revealed that district courts in North Carolina had handled hundreds of cases involving such claims, going back decades.

claim requires a fact-based analysis.  Marshall v. Miller, 302 N.C. 539, 548 (1981) ("Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace.").  As a result, a federal court's handling of any particular such claim will not likely have sweeping impact upon this body of state law.  In sum, factor six does not aid Plaintiff.

With respect to factor seven, the consideration of comity does not favor Plaintiff, because BioLab removed this case at such an early stage.  See Wolfe, 2010 U.S. Dist. LEXIS 6005, at *11 ("This Court finds little difference one way or the other with regard to [comity].  The case was removed very early in the litigation process and does involve a debtor in bankruptcy."); Senorx, Inc. v. Coudert Brothers, LLP, No. C-07-1075, 2007 U.S. Dist. LEXIS 40923, at *8 (N.D. Cal. May 24, 2007) ("Comity does not favor remand in this case.  Though the case was before the state court for some time, the court had not made significant progress.").

Finally, as to factor eight, Plaintiff claims that a federal court case would increase litigation costs and prejudice Plaintiff.  (Docket Entry 8 at 9.)  By way of concrete example, Plaintiff states only that it would incur costs when attempting to restart its case in compliance with "all the federal rules governing initial disclosures, a new case schedule, and a new time clock." (Docket Entry 10 at 9.)  These arguments lack force.  The federal rules governing initial disclosures are not so onerous as to prejudice a party who must comply with them.  See generally Wolfe,

-10-

2010 U.S. Dist. LEXIS 6005, at *11 ("This Court finds that the plaintiff will not be unfairly prejudiced by proceeding in the federal court system."). To the contrary, the federal rules regarding disclosure seek to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26 advisory committee's note, subdivision (a) (1993). Furthermore, the adjustment of filing dates will not prejudice Plaintiff. Plaintiff does not assert that the state court even issued a scheduling order, much less that any scheduled dates were immutable in state court. Accordingly, factor eight does not weigh in favor of equitable remand or permissive abstention.

Apart from the <u>Blanton</u> factors, Plaintiff argues that state court constitutes a more appropriate forum, because the parties originally chose to litigate their claims in that forum. (Docket Entry 10 at 8.) Plaintiff cites no authority in support of this contention. In the absence of such authority, this Court will not consider decisions made prior to the institution of bankruptcy proceedings, because the filing of a bankruptcy case materially alters the circumstances of the debtor-party.

In sum, Plaintiff does not raise any argument with respect to five of the factors listed in <u>Blanton</u>, 260 B.R. at 265, and the remaining seven factors fail to support Plaintiff's position. Accordingly, for the reasons set forth above, Plaintiff has not carried its burden of showing that this Court should permissively abstain or equitably remand this case to state court.

-11-

Case 1:09-cv-00645-JAB-LPA   Document 16   Filed 02/25/10   Page 11 of 12

**III. CONCLUSION**

Pursuant to 28 U.S.C. § 1334(b), this Court possesses original jurisdiction over this matter, because it is related to a bankruptcy proceeding arising under Title 11. BioLab properly removed this case to this Court, pursuant to 28 U.S.C. § 1452(a) and the bankruptcy court's order. The relevant factors set forth in <u>Blanton</u>, 260 B.R. at 265, do not weigh in favor of equitable remand or permissive abstention.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Remand (Docket Entry 12) be **DENIED**.

                                                /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                **United States Magistrate Judge**

February 25, 2010